UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21234-CIV-KING/BANDSTRA

KRISTINE HENNESSY SPEH,
Personal Representative for the Estate of
Terrance Hennessy, deceased,

    Plaintiff,

vs.

MORROW EQUIPMENT CO., LLC,
a foreign limited liability company,
BAKER CONCRETE CONSTRUCTION, INC.,
a foreign corporation, and
LIEBHERR-WERK BIBERACH, GMBH,
a foreign corporation,

    Defendants.
_____/

MANNY SOUSA and
SANDRA MARTINEZ, his wife,

    Plaintiffs,

vs.

MORROW EQUIPMENT CO., LLC,
a foreign limited liability company,
BAKER CONCRETE CONSTRUCTION, INC.,
a foreign corporation, and
LIEBHERR-WERK BIBERACH, GMBH,
a foreign corporation,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Plaintiff's Report of Travel Expenses and

Fees in Compliance with Order D.E. 108 (D.E. 109) filed on April 15, 2009.  On April 24,

2009, this matter was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for appropriate resolution in accordance with 28 U.S.C. § 636(b). Accordingly, the undersigned has reviewed plaintiff's report, defendant Morrow Equipment Co., LLC's response thereto, the court file, supporting affidavits and other documentation and applicable law. Based on that review, the undersigned recommends that Plaintiff's Report of Travel Expenses and Fees be GRANTED in the amount of $11,887.20, representing $10,150 in attorney's fees and $1,737.20 in costs.

## BACKGROUND

On March 24, 2009, Kristine Hennessy Speh and Manny Souza ("plaintiffs") moved for entry of an Order pursuant to Fed.R.Civ.P. 37(b)(2) seeking to strike the Answers and Affirmative Defenses of Defendant Morrow Equipment Co., LLC ("Morrow") for failing to appear at its March 19, 2009 Rule 30(b)(6) deposition in violation of the Orders of this Court entered on February 25, 2009 and March 17, 2009. In support, plaintiffs' counsel notes that he traveled from Fort Lauderdale, Florida, to Salem, Oregon, and appeared on October 19 at 9:00 a.m. for the court ordered and duly noticed deposition of Morrow's designated corporate representative pursuant to Rule 30(b)(6). However, Morrow failed to produce any designee and, thus, failed to appear for deposition in direct violation of two Court Orders. In plaintiff's view, this conduct was tantamount to a willful or bad faith disregard of the two Orders thereby warranting the sanction of striking pleadings.

On March 26, 2009, defendant Liebherr-Werk Biberach GmbH ("Liebherr-Werk") also filed a motion for sanctions against Morrow essentially adopting the arguments raised in plaintiffs' motion for sanctions. Liebherr-Werk had served cross-notices for the

deposition of Morrow's Rule 30(b)(6) corporate designee for March 19, 2009 and for the deposition of Christian Chalupny, President of Morrow, for March 20, 2009. As additional sanction and/or as an alternative to striking Morrow's answer and affirmative defenses, Liebherr-Werk seeks reimbursement of its travel expenses and attorney's fees incident to the failed attempt to take Morrow's corporate deposition. In support, Liebherr-Werk contends that while the deposition of Christian Chalupny went forward on March 20, 2009, appearance of counsel could have been made by telephone rather than in person so that travel to Salem was unnecessary.

On April 1, 2009, the Honorable James Lawrence King conducted a hearing on plaintiffs' motion for sanctions which resulted in an Order Imposing Sanctions entered on April 9, 2009. Specifically, Judge King ordered defendant Morrow to "reimburse Plaintiff and Defendant Liebherr-Werk Biberach GmbH for travel expenses incurred by counsel between March 18 and March 21, 2009, and for reasonable attorney's fees, cost and expenses incident to their abortive attempt to take the depositions in Salem as ordered by the Court. Counsel for plaintiffs and for Liebherr-Werk were further instructed to submit an itemization of their fees, costs and expenses within ten (10) days.

On April 15, 2009, plaintiffs' filed the instant Report of Travel Expenses and Fees in Compliance with Order D.E. 108 raising the issues discussed below.[1]

---

[1] Counsel for Liebherr-Werk has failed to file an itemization of its fees and costs and the time for doing so has since expired.

## FINDINGS AND CONCLUSIONS

Plaintiffs seek an award of costs in the amount of $2,629.60, and attorney's fees in the amount of $19,475.00, representing the expenses incurred in connection with the abortive March 19 deposition of Morrow's 30(b)(6) corporate representative in Salem Oregon in compliance with the Court's April 9 Order Imposing Sanctions. Plaintiffs' $19,475.00 claim for attorney fees is based on 41 hours of attorney time incurred in connection with the March 19 deposition by Tony P. Korvick, Esq. at the rate of $475.00 per hour.

Defendant Morrow contends that the requested amount of costs and attorney's fees is excessive in view of circumstances surrounding plaintiffs' counsel's trip from Florida to Oregon. Specifically, Morrow argues that the deposition of its president, Christian Chalupny, went forward in Salem so that plaintiffs' request for reimbursement of the entire trip is unreasonable. In addition, Morrow argues that plaintiffs' counsel's attorney's fees are unreasonable, arguing that counsel's hourly rate is excessive. Morrow suggests a rate of $300.00 per hour.

In calculating a reasonable attorney's fee, the court must consider the number of hours expended in this matter, together with the customary fee charged in this community for similar legal services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar."

   1. Reasonable Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate

hourly rate. The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984). The fee applicant bears the burden of establishing the reasonableness of the requested rate. See Norman at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)).

Here, plaintiffs seek an hourly rate of $475.00 for the services of their attorney, Tony P. Korvick, claiming that this rate is reasonable based on prevailing market rates in this community and Mr. Korvick's skill, reputation and experience in the areas of personal injury, product liability, aviation, insurance bad faith and wrongful death litigation.

Having considered plaintiffs' attorney's report of fees, counsel's reputation and experience, and the Court's familiarity with personal injury and product liability litigation and attorneys' fees in general, the undersigned finds that the a rate of $300.00 per hour is reasonable and appropriate. While recognizing that Mr. Korvick is a highly skilled attorney, the undersigned finds that the requested hourly rate of $475.00 is excessive based on the prevailing market rates in this community.

2. Hours Reasonably Expended

This Court must next evaluate plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel. Plaintiffs' report reflects 41.00 hours for the work of Mr. Korvick in regard to the unsuccessful May 19 deposition. Specifically, plaintiffs request 12 hours of attorney time including 10 hours of travel time for March 18; 10 hours of attorney time for March 19; 7 hours of attorney time for March 20 and 12 hours of attorney time including travel for March 21, 2009. Plaintiff has not included the three

hours of attorney time incurred for taking Mr. Chalupny's deposition on March 20, 2009.

In reviewing a claim for hours reasonably expended, this Court must exercise its independent judgment. See Norman, supra, 836 F.2d at 1301-02. The court may reduce the number of hours for which fees will be awarded if there is inadequate documentation, or if the court finds the claim for hours is "excessive or unnecessary." Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985).

Upon independent review of counsels' fees and the submitted time entries, the undersigned finds that a reduction in the claimed attorney's fees is warranted due to the taking of the deposition of Mr. Chalupney in Salem on March 20. In so finding, the undersigned recognizes that this deposition arguable could have been taken by telephone, but the fact remains that it was not. Thus, counsel's travel to Salem was not completely in vein. Accordingly, the undersigned finds that a 50% reduction in the claimed attorney's fees for the travel days of March 18 and March 21 is warranted thereby reducing Mr. Korvick's attorney time to 29 hours.

Consistent therewith, the undersigned reduces plaintiffs' counsel's airline ticket costs to $892.41 ( 50% of $1,784.81) with no further deductions for parking, hotels or rental cars in view of the inconvenience of having an extended trip.

Recalculating the requested fee, the undersigned computes the lodestar amount as $10,150.00 representing 29.00 hours expended by Mr. Korvick at $300.00 per hour. In addition, the undersigned recommends awarding plaintiffs' costs in the amount of $1,737.20.

6

## RECOMMENDATION

For all the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Report of Travel Expenses and Fees be GRANTED in the amount of $11,887.20, representing an award of $10,150 in attorney's fees and an award of $1,737.20 in costs.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Harbin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 27 day of May, 2009.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
Counsel of record