UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21234-CIV-KING/BANDSTRA

KRISTINE HENNESSY SPEH,
Personal Representative for the Estate of
TERRANCE HENNESSY, deceased

    Plaintiff,

v.

MORROW EQUIPMENT CO., LLC, a foreign
limited liability corporation, BAKER CONCRETE
CONSTRUCTION, INC., a foreign corporation,
LIEBHERR-WERK BIBERACH, GMBH,
a foreign corporation.

    Defendants.
_____/

CASE NO. 09-20430-CIV-KING/BANDSTRA

MANNY SOUZA and
SANDRA MARTINEZ, his wife,

    Plaintiffs,

v.

MORROW EQUIPMENT CO., LLC, a foreign
limited liability corporation, BAKER CONCRETE
CONSTRUCTION, INC., a foreign corporation,
LIEBHERR-WERK BIBERACH, GMBH,
a foreign corporation.

    Defendants.
_____/

## ORDER DENYING DEFENDANT LIEBHERR-WERK BIBERACH GMBH'S MOTION FOR CONSIDERATION OF ATTORNEY'S FEES AND TRAVEL EXPENSES

THIS CAUSE is before the Court upon Defendant Liebherr-Werk Biberach GmbH's June 2, 2009 Motion for Consideration of Attorney's Fees and Travel Expenses Incurred (D.E. #123). The Court has reviewed and considered the instant Motion, Defendant Morrow Equipment Co. LLC's Response in Opposition (D.E. #124), and Defendant Liebherr-Werk Biberach's Reply (D.E. #125).

A review of the record reveals that on April 8, 2009, the Court entered an Order Imposing Sanctions for Violation of Court Orders (D.E. #108). In its Order, the Court found that Plaintiffs and Defendant Liebherr-Werk Biberach were entitled to reimbursement of certain travel expenses by Defendant Morrow Equipment. The Court, however, ordered Plaintiffs and Defendant Liebherr-Werk Biberach to "submit, within ten (10) days hereof, an itemization of the fees, costs and expenses they separately incurred." (D.E. #108) (emphasis added). On April 15, 2009, Plaintiffs submitted a travel expense report (D.E. #109). Defendant Liebherr-Werk Biberach failed to timely submit its expense report.

In the instant Motion, Defendant Liebherr-Werk Biberach asks this Court to consider its late travel expense report, fifty-four (54) days after the Court entered its initial Order Imposing Sanctions. In support of its Motion, Defendant's counsel explains that the travel expense report is late due to his "diligently safeguarding the position of Liebherr-Werk Biberach GmbH in these matters, while also addressing the needs of other

clients in the normal course of business." (D.E. #123).

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Liebherr-Werk Biberach GmbH's Motion for Consideration of Attorney's Fees and Travel Expenses Incurred **(D.E. #123)** be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 4th day of June, 2009.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**_Counsel for Plaintiffs_**
**Newton P. Porter**
**Tony P. Korvick**
Porter & Korvick
9655 S. Dixie Highway
Suite 208
Miami, FL 33156

**_Counsel for Defendants_**
**Charles R. Fulmer**
Fulmer, LeRoy, Albee, Baumann & Glass
2866 East Oakland Park Blvd
Fort Lauderdale, Florida 33306

**M. Stephen Smith, III**
**Marty F. Elfenbein**
Rumberger, Kirk & Caldwell
80 Southwest 8th Street
Suite 3000
Miami, FL 33130-3037

**Bryan E. Probst**
Mase, Lara, Eversole, PA
80 SW 8th Street
Suite 2700
Miami , FL 33130

**John M. Dugan**
**Joseph N. Stella**
Morris & Stella
200 W. Adams Street
Suite 1200
Chicago, IL 60606